**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Angel TORRES–GUARDADO,**
**Defendant–Appellant.**

**No. 09–36095.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2012.

Filed Dec. 19, 2012.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alas-

Lori Anne Harper Suek, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jose Angel Torres–Guardado, Manchester, KY, pro se.

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District Judge.\*

## MEMORANDUM \*\*

Federal prisoner Jose Angel Torres–Guardado appeals the district court's denial of his 28 U.S.C. § 2255 motion. At issue is whether appellate counsel rendered ineffective assistance by failing to appeal the inadequate factual basis for Torres–Guardado's Rule 11 guilty plea to the charge of conspiracy to distribute methamphetamine. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

Analyzing Torres–Guardado's ineffective assistance claim under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we agree with the district court's decision that Torres–Guardado has failed to demonstrate that his Sixth Amendment right to counsel was violated. Specifically, Torres–Guardado has not established that he suffered prejudice as a result of his counsel's failure to appeal the inadequate factual basis for his guilty plea.[1] Documents produced by the

---

ka, sitting by designation.

1. An ineffective assistance of counsel claim is analyzed under the two-part test developed in *Strickland.* The "defendant must show that

government in discovery show that Torres–Guardado purchased drugs from a co-conspirator in Denver. Torres–Guardado also admitted to the magistrate judge that he did not manufacture the drugs himself. Based on the entire record, Torres–Guardado has failed to show a reasonable probability that but for the alleged Rule 11 error he would not have entered the guilty plea. *See United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); *United States v. Monzon,* 429 F.3d 1268, 1271–72 (9th Cir. 2005).

**AFFIRMED.**

counsel's performance was deficient" and "the defendant must show that the deficient performance prejudiced the defense."· *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The court may address these prongs in either order and it need not analyze both parts if the defendant cannot establish either prong. *Id.* U.S. 466 at 697, 104 S.Ct. 2052.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.